IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
GALVESTON DIVISION

| | | |
|---|---|---|
| HOLIDAY INN CLUB VACATIONS INCORPORATED § § | | |
| Plaintiff § | | |
| § | Civil Action No. 3:20-cv-00318 | |
| v. § | | |
| § | | |
| T & G CORPORATION F/K/A T & G CONSTRUCTORS and ACI ARCHITECTURAL CONCEPTS, INC. § § § | | |
| Defendants § | | |
| § | | |

**DEFENDANT/THIRD PARTY PLAINTIFF, T & G CORPORATION F/K/A T & G CONSTRUCTORS' SECOND AMENDED THIRD-PARTY COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant/Third-Party Plaintiff, T & G CORPORATION F/K/A T & G CONSTRUCTORS in the above-captioned matter, and makes and files this its Second Amended Third-Party Complaint against Third-Party Defendants, ATLANTIS POOL PLASTERING INC. D/B/A ATLANTIS AQUATIC GROUP, COGENT CONSTRUCTION SERVICES, LLC, PARRA CONSTRUCTION SOLUTIONS, INC., DORADO WATERPROOFING, LLC, CYREX GLASS & MIRROR, INC., REGISTER BROTHERS, LLC, B.M. JUNIOR CONSTRUCTION, LLC, STEWART BUILDERS, INC. D/BA/ KEYSTONE CONCRETE PLACEMENT, AND CUSTOM CONCRETE COATINGS, CBRE, INC., AND ROMTEX ROOF SERVICES, INC. and would show the following:

## I. PARTIES

1.1   Plaintiff, HOLIDAY INN CLUB VACATIONS INCORPORATED ("**HICV**") is before the Court for all purposes.

1.2   Defendant, T & G CORPORATION F/K/A T & G CONSTRUCTORS ("**T & G**") is before the Court for all purposes.

1.3   Defendant, ARCHITECTURAL CONCEPTS, INC. ("**ACI**") is before the Court for all purposes.

1.4   Third-Party Defendant, ATLANTIS POOL PLASTERING INC. D/B/A ATLANTIS AQUATIC GROUP ("**ATLANTIS**") is before the Court for all purposes.

1.5   Third-Party Defendant, COGENT CONSTRUCTION SERVICES, LLC, has been served with process.

1.6   Third-Party Defendant, PARRA CONSTRUCTION SOLUTIONS, INC., is in the process of being served.

1.7   Third-Party Defendant, DORADO WATERPROOFING LLC ("**DORADO**") is before the Court for all purposes.

1.8   Third-Party Defendant, CYREX GLASS & MIRROR, INC. ("**CYREX**") is before the Court for all purposes.

1.9   Third-Party Defendant, REGISTER BROTHERS, LLC ("**REGISTER BROS.**") is before the Court for all purposes.

1.10   Third-Party Defendant, B.M. JUNIOR CONSTRUCTION, LLC, is in the process of being served.

1.11   Third-Party Defendant, CBRE, INC. ("**CBRE**") is before the Court for all purposes.

1.12   Third-Party Defendant, CUSTOM CONCRETE COATINGS ("**CUSTOM COATINGS**") is before the Court for all purposes.

1.13   Third-Party Defendant, STEWART BUILDERS, INC. D/B/A KEYSTONE CONCRETE PLACEMENT ("**KEYSTONE**") is before the Court for all purposes.

1.14   Third-Party Defendant, ROMTEX ROOF SERVICES, INC. is a Texas corporation and is in the process of being served through its registered agent, Adelin Coroiescu, located at 19962 Lowe Lane, New Caney, Texas 77357 or wherever he/she may be found.

## II. JURISDICTION AND VENUE

2.1   This Court has jurisdiction over these third-party claims as they arise from the same transaction and operational facts made in the subject matter of Plaintiff's complaint. Further, jurisdiction is based on diversity of citizenship of the parties. *See* 28 U.S.C. § 1332 (a)(l). HICV, T & G, and ACI are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.2   Venue is proper in this Court because all or a substantial part of the events or omissions giving rise to HICV and T & G's claims and causes of action occurred in the Southern District of Texas. *See* 28 U.S.C. § 1391 (b). Specifically, this lawsuit concerns recovery of damage to real property located in in Galveston County, Texas.

## III. FACTS

3.1   This case is a construction and design defect case involving a building, Ocean Club Resort ("**the Project**") located at 19418 San Luis Pass Road, Galveston, Texas 77514. SILVERLEAF RESORTS, INC. ("**Silverleaf**") is the former owner of the building. Plaintiff, HICV, who is the current owner of the Project, filed suit against T & G and ACI and is seeking to recover damages for breach of contract, negligence, and

3

indemnity from T & G and ACI.

3.2 On April 21, 2014, Silverleaf and T & G entered into a contract for the construction of the Project. T & G acted as the general contractor for the Project and subcontracted with various subcontractors to construct the Project. Those subcontractors included ATLANTIS POOL PLASTERING INC. D/B/A ATLANTIS AQUATIC GROUP, COGENT CONSTRUCTION SERVICES, LLC, PARRA CONSTRUCTION SOLUTIONS, INC., DORADO WATERPROOFING, LLC, CYREX GLASS & MIRROR, INC., REGISTER BROTHERS, LLC, B.M. JUNIOR CONSTRUCTION, LLC, CUSTOM CONCRETE COATINGS and STEWART BUILDERS, INC. D/BA/ KEYSTONE CONCRETE PLACEMENT (herein collectively referred to as "**Subcontractors**").

3.3 CBRE was engaged by Silverleaf to provide project management services under a Project Management Services Agreement in connection with the construction of the Project.

3.4 ROMTEX ROOF SERVICES, INC. ("**ROMTEX**") was engaged by Bowhead Roofing to provide and install a complete roofing system in connection with the construction of the Project.

3.5 Plaintiff is now complaining of and seeking to recover damages from T & G for the work performed by its Subcontractors, CBRE, and ROMTEX. Plaintiff has complained that construction and design deficiencies, including but not limited to, the roof system, flashing, curtain wall, windows, pool deck, paint and related components are defective and have caused or contributed to the damages which they are seeking to recover from T & G.

3.6 Plaintiff's Original Complaint makes it clear it is alleging that CBRE, ROMTEX, and the

4

      Subcontractors' negligence and improper construction practices caused defective work to be performed which resulted in property damage that necessitated repairs. Plaintiff is seeking damages from T & G for breach of contract, negligence, and indemnity related to work performed by CBRE, ROMTEX, and the Subcontractors.

3.7    T & G has denied, and continues to deny, all allegations made by Plaintiff. Neither T & G nor its Subcontractors, CBRE, or ROMTEX caused or contributed in any way to the damage that Plaintiff is seeking to recover. However, to the extent that Plaintiff's allegations are correct, T & G would show that the damages alleged by Plaintiff were caused by CBRE, ROMTEX, and its Subcontractors who actually performed the work.

3.8    Below is a list of Subcontractors whose work or materials have been implicated by the Plaintiff's allegations. Also included is a description of the respective roles of each of the parties in connection with the Project:

    A.  Atlantis Pool Plastering Inc. d/b/a Atlantis Aquatic Group, was responsible for all labor, material, equipment, tools and supervision to complete all pool construction;

    B.  Cogent Construction Services was responsible for all labor, material, equipment, tools and supervision to complete all unit masonry work;

    C.  Parra Construction Solutions, Inc., was responsible for painting and providing a complete drywall and stucco system;

    D.  Dorado Waterproofing, LLC, was responsible for all labor, material, equipment, tools and supervision to complete all waterproofing work;

    E.  Cyrex Glass & Mirror, Inc. was responsible for providing and installing a complete functional system for curtain walls, glazing and C2 windows;

    F.  Register Brothers, LLC was responsible for installing a complete window system;

G. B.M. Junior Construction, LLC was responsible for providing all labor, supervision, and layout to perform the framing, insulation, drywall, stucco, caulking, and masonry;

H. Stewart Builders, Inc. d/b/a Keystone Concrete Placement was responsible for providing the concrete work on the Project, including the form, place, and finish of the elevated structural concrete pool work;

I. Custom Concrete Coatings was responsible for installing a complete concrete coating system, including but not limited to, at the pool, spa deck, and balconies;

## IV. T & G'S CONTRACT PROVISIONS

4.1   T & G's subcontracts with the Subcontractors includes the following provision in Attachment B of the subcontracts that requires the Subcontractors to defend T & G:

TEXAS INDEMNITY PROVISION Subcontractor shall fully defend, protect, indemnify and hold harmless Contractor, its officers, employees, agents, representatives or successors and assigns (the Indemnified Parties) from and against any and all claims, demands, actions or causes of action, and any and all liabilities, costs and expenses (including but not limited to attorneys' fees and expenses, incurred of defense of any Indemnified Party), damage or loss in connection therewith, which may be made or asserted by Subcontractor, its officers, employees, agents, representatives, successors or assigns or any other third party on account of, or sustained or alleged to have been sustained by, or arising out of or growing out of bodily injury, including death, or loss of use or damage to or destruction of property, caused by, arising out of, sustained or alleged to have been sustained by, or in any way incidental to or in connection with the Subcontractor's performance of the Work under this Contract or any change order, regardless of whether such claims, demands, actions, causes of action or liability are or alleged to have been caused or contributed to by the negligence, fault or strict liability of any Indemnified Party. Insurance providing coverage for this Indemnity provision shall be provided by the Subcontractor. The Subcontractor's liability shall not be limited to the insurance coverage required of the Subcontractor.

4.2   To ensure that its Subcontractors would obtain insurance that would provide coverage of its indemnity obligations and to otherwise protect T & G from issues with its

6

Subcontractors' work, T & G required the Subcontractors to meet certain requirements as seen in Section 24 and Attachment B:

Section 24. The Subcontractor will maintain for the duration of this Agreement proof of insurance as specified in Attachment B of this agreement, including $2 million Commercial General Liability, $1 million Automobile Liability and $500,000 Worker's Compensation or greater as required by Owner, including waiver of subrogation in favor of T&G Corporation.

Attachment B Insurance Requirements:

Commercial General Liability insurance requirements: T&G Corporation, Owner and Engineer (if necessary) shall be named each as an additional insured (utilizing endorsement CG20101185) for all acts or omissions or any other liability of additional insured arising out of subcontractor's work performed for additional insured's or subcontractor's use of premises, equipment and facilities of additional insured's. Policy shall be primary and non-contributory as respects to other insurance coverage's carried by T&G Corporation, owner and other indemnities as required by contract including waiver of subrogation in favor of T&G Corporation. Policy includes premises & operations, independent contractors and products & completed operations in the amount of $1,000,000 per occurrence, $1,000,000 personal and advertising injury, $2,000,000 products and completed operations aggregate; $2,000,000 aggregate and $5,000 medical expense.

## V. CLAIMS AGAINST SUBCONTRACTORS

**Contribution**

5.1   T & G incorporates by reference all the foregoing paragraphs as if fully stated herein.

5.2   In the unlikely event that Plaintiff's complaints are valid, in whole or in part, then T & G would show that Subcontractors are liable to it for contribution for the damages, if any, and/or are directly liable to the Plaintiff for such damages, if any, it alleged it has sustained.

5.3   Further, T & G asserts that, pursuant to Sections 33.003 and 33.004 of the Texas Civil Practice & Remedies Code, Subcontractors are responsible Third-Party Defendants who are or may be liable to the Plaintiff for all or part of the alleged damages claimed in this matter. Thus, Subcontractors percentage of responsibility should be submitted to the jury.

**Indemnity**

5.4    T & G incorporates by reference all the foregoing paragraphs as if fully stated herein.

5.5    T & G contracted with Subcontractors to perform work or provide materials for the construction of the Project. To the extent that the Plaintiff's damages, if any, were caused by the conduct of the Subcontractors, T & G is entitled to indemnity from them as a result of such conduct.

5.6    T & G seeks judgment for contractual indemnity and common law indemnity against Subcontractors.

5.7    T & G would show that Subcontractors had actual knowledge of the terms and conditions of the indemnity provisions contained within their respective subcontract with T & G related to the work performed on the Project.

**Breach of Contract**

5.8    T & G incorporates by reference all the foregoing paragraphs as if fully stated herein.

5.9    T & G entered into a contract with Subcontractors. To the extent that Plaintiff's damages, if any, are attributed to T & G, those damages are attributable to Subcontractors for not providing services as contracted, thereby breaching their agreement with T & G.

5.10   Furthermore, Subcontractors have contractual obligations to defend and indemnify T & G from claims arising from their scope of work. Subcontractors' refusal to defend and indemnify T & G pursuant to the terms of their agreement constitutes a breach of that agreement. As a result of that breach, Subcontractors are liable for the damages naturally flowing from the breach, including attorneys' fees, costs, and any indemnity payments that T & G may make in this matter.

5.11   Subcontractors also have contractual obligations to obtain certain insurance policies

which provide coverage for T & G as an additional insured on a primary and non-contributory basis. Subcontractors have breached their contractual obligation to the extent T & G is not provided coverage on a primary and non-contributory basis. As a result of that breach, Subcontractors are liable for the damages naturally flowing from the breach, including attorneys' fees, costs, judgments, and any indemnity payments that T & G may make in this matter.

5.12   T & G has fulfilled all conditions precedent under their contract with Subcontractors.

**Breach of Warranty**

5.13   T & G incorporates by reference all the foregoing paragraphs as if fully stated herein.

5.14   T & G will further show that Subcontractors warranted that their scope of work would be implemented and constructed in a proper manner and constructed in a good and workmanlike condition. Further, T & G would show that Subcontractors expressly warranted the performance of their services properly in accordance with the terms and conditions of their subcontract with T & G.

5.15   To the extent that T & G is found liable to Plaintiff for any of Plaintiff's alleged damages, the Subcontractors' breaches of their express warranties are proximate causes of those damages.

5.16   T & G would further show that Subcontractors were responsible for construction of the Project and impliedly warranted that the Project would be constructed in a good and workmanlike manner. To the extent that T & G is found liable to Plaintiff for any of Plaintiff's alleged damages, the Subcontractors' breaches of their implied warranties are proximate causes of those damages.

**Negligence**

5.17   T & G incorporates by reference all the foregoing paragraphs as if fully stated herein.

5.18   Subcontractors owed contractual and common-law duties to T & G to perform their scope of work in accordance with industry standards, in a good and workmanlike manner, and with reasonable degree of care.

5.19   To the extent Plaintiff's damages, if any, are attributed to T & G, those damages are attributable to Subcontractors for not performing their respective scopes of work in accordance with industry standards, in a good and workmanlike manner, and with a reasonable degree of care.

5.20   Subcontractors' acts and/or omissions were the proximate cause of the damages Plaintiff alleges in this suit.

**Attorneys' Fees**

5.21   T & G incorporates by reference all the foregoing paragraphs as if fully stated herein.

5.22   Pursuant to Section 38 of the Texas Civil Practice & Remedies Code, as well as, the explicit terms of the subcontractor agreement with Subcontractors, T & G is entitled to recover its reasonable attorneys' fees from Subcontractors.

## VI. CLAIMS AGAINST CBRE

**Contribution**

6.1   T & G incorporates by reference all the foregoing paragraphs as if fully stated herein.

6.2   In the unlikely event that Plaintiff's complaints are valid, in whole or in part, then T & G would show that CBRE is liable to it for contribution for the damages, if any, and/or are directly liable to the Plaintiff for such damages, if any, it alleged it has sustained.

6.3   Further, T & G asserts that, pursuant to Sections 33.003 and 33.004 of the Texas Civil Practice & Remedies Code, CBRE is a responsible Third-Party Defendant who is or may

be liable to the Plaintiff for all or part of the alleged damages claimed in this matter. Thus, CBRE's percentage of responsibility should be submitted to the jury.

### VII. CLAIMS AGAINST ROMTEX

**Contribution**

7.1   T & G incorporates by reference all the foregoing paragraphs as if fully stated herein.

7.2   In the unlikely event that Plaintiff's complaints are valid, in whole or in part, then T & G would show that ROMTEX is liable to it for contribution for the damages, if any, and/or are directly liable to the Plaintiff for such damages, if any, it alleged it has sustained.

7.3   Further, T & G asserts that, pursuant to Sections 33.003 and 33.004 of the Texas Civil Practice & Remedies Code, ROMTEX is a responsible Third-Party Defendant who is or may be liable to the Plaintiff for all or part of the alleged damages claimed in this matter. Thus, ROMTEX's percentage of responsibility should be submitted to the jury.

### PRAYER

WHEREFORE, Defendant/Third Party Plaintiff, T & G CORPORATION F/K/A T & G CONSTRUCTORS, prays that Third-Party Defendants be designated as responsible third parties and be cited to appear and answer herein, and that upon final hearing Defendant have judgment awarded it against Third-Party Defendants, ATLANTIS POOL PLASTERING INC. D/B/A ATLANTIS AQUATIC GROUP, COGENT CONSTRUCTION SERVICES, LLC, PARRA CONSTRUCTION SOLUTIONS, INC., DORADO WATERPROOFING, LLC, CYREX GLASS & MIRROR, INC., REGISTER BROTHERS, LLC, B.M. JUNIOR CONSTRUCTION, LLC, CUSTOM CONCRETE COATINGS and STEWART BUILDERS, INC. D/BA/ KEYSTONE CONCRETE PLACEMENT for contribution as allowed by law, indemnity as allowed by law, an assessment of a percentage of responsibility to be determined as allowed by

law, and judgment against CBRE, INC. and ROMTEX ROOF SERVICES, INC. for contribution as allowed by law and an assessment of a percentage of responsibility to be determined as allowed by law, all in an amount in excess of the minimum jurisdiction limits of this Court, including all attorneys' fees, pre- and post-judgment interest, court costs, and such other and further relief, at law and in equity, to which Defendant/Third Party Plaintiff, may be justly entitled.

Respectfully submitted,

**PIPKIN FERGUSON PLLC**

By: _____
John E. Pipkin
TBN 16026300
Federal Bar No. 00783961
Amanda Duncan
TBN 24069643
Federal Bar No. 3633060
13430 Northwest Freeway, Suite 1250
Houston, Texas 77040
713/961-3730 TEL-713/961-5438 FAX
eservice@pipkinferguson.com
**ATTORNEYS FOR DEFENDANT/THIRD-PARTY PLAINTIFF, T & G CORPORATION F/K/A T & G CONSTRUCTORS**

-and-

**APPROVED BY:**
**BURNS ANDERSON JURY & BRENNER L.L.P.**


By:  _/s/ Jeffrey R. Jury w/ Permission_____
Jeffrey R. Jury
4807 Spicewood Springs Road
Bldg. 4, Suite 100 Austin, TX 78759
(512) 338-5322
(512) 338-5363 (telecopier)

Jjury@bajb.com
**ATTORNEY IN CHARGE FOR DEFENDANT/THIRD-PARTY PLAINTIFF, T & G CORPORATION F/K/A T & G CONSTRUCTORS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record known to the undersigned pursuant to the Federal Rules of Civil Procedure on this the 25th day of March, 2022.

_____
John E. Pipkin